## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKESIDE ROOFING & SIDING MATERIALS, INC.<br>6296 Lakeside Road<br>Ontario, New York, 14519,<br><br>     Plaintiff<br><br>        v.<br><br>LAKESIDE ROOFING & CONTRACTING LLC<br>7440 State Route 31<br>Lyons, New York 14489<br><br>     Defendant. | Case No. 16:17 - CV- 06606 |

## COMPLAINT

Lakeside Roofing & Siding Materials, Inc., Plaintiff through undersigned counsel, files this complaint against Defendant Lakeside Roofing & Contracting LLC and for a cause of action states:

### THE PARTIES

1.    Plaintiff Lakeside Roofing & Siding Materials, Inc. ("Plaintiff") is a corporation, organized and existing under the laws of the State of New York, having its principal place of business at 6296 Lakeside Road, Ontario, New York, 14519.

2.    Defendant Lakeside Roofing & Contracting LLC ("Defendant") is on information and belief, a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 7440 State Route 31, Lyons, New York 14489.

## NATURE OF THIS ACTION

3.      This is an action for false association, unfair competition under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §1051) and trademark infringement and unfair competition under the New York Trademark Act, N.Y. Gen. Bus. § 360-l (2017) and common law.

4.      This action arises from Defendant's use and proposed continued use of the service mark LAKESIDE ROOFING (sometimes herein referred to as "Defendant's Suspect Mark") covering commercial and residential roofing construction, replacement and repair services, installation of windows, siding and gutters in upstate New York in violation of Plaintiff's prior established rights in its own service mark LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS (sometimes herein referred to as "Plaintiff's Protected Marks") for directly related distribution of commercial and residential roofing and construction supplies and window and door millwork and repair services.

5.      In summary and as set forth more fully below, Plaintiff alleges that Defendant violated Plaintiff's intellectual property rights by unlawfully adopting and using Defendant's Suspect Mark in upstate New York which mark is confusingly similar to an already established and New York state registered service mark owned by Plaintiff, for use in connection with directly related and confusingly similar product sales and services.  Defendant continues to willfully engage in its illegal behavior even after being made aware of Plaintiff's superior right to use Plaintiff's Protected Marks in connection with such services and after being asked to cease and desist such unlawful behavior.

## JURISDICTION AND VENUE

6.      This action is filed under the Lanham Act, New York State Trademark Act and New York common law.

7.     This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §1121.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1338(b) and also to 28 U.S.C. §1367 over Plaintiff's unfair competition claim.

8.     This Court has personal jurisdiction over Defendant because it conducts business in the Western District of New York, and because the willful actions alleged herein took place in in the Western District of New York.

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because, *inter alia*, the facts giving rise to the acts alleged herein took place at least in part in this District and/or because Defendant is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

10.     Plaintiff was formed in New York on or before the summer of 1977, under the name LAKESIDE ROOFING & SIDING MATERIALS, INC. and shortly thereafter began providing the distribution of commercial and residential roofing and construction supplies and window and door millwork and repair services ("Plaintiff Services") to customers in upstate New York, specifically between Syracuse and Rochester, NY.

11.     On December 2, 1987, Plaintiff converted to an S corporation, but continued to provide Plaintiff Services throughout upstate New York in connection with the name LAKESIDE ROOFING & SIDING MATERIALS, INC.

12.     Plaintiff also provides Plaintiff Services under the shortened version of its official corporate name, LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS as service marks since 1977 throughout upstate New York.

13.     Indeed, for forty continuous years, Plaintiff has been providing Plaintiff Services to customers in upstate New York in connection with the service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS.

## PLAINTIFF'S TRADEMARK RIGHTS

14.     Based on the forty years of continuous service mark use, Plaintiff has acquired and is the owner of the common law service mark rights in LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS covering Plaintiff's Services throughout upstate New York.

15.     Plaintiff is also the owner of New York state trademark registration No. S24061 for LAKESIDE in connection with the distribution of commercial and residential roofing and construction supplies and window and door millwork and repair services. A true copy of said New York State service mark registration is attached hereto as Exhibit A.

## DEFENDANTS' WRONGFUL CONDUCT

16.     On information and belief, Defendant was formed on August 20, 2014 under the name LAKESIDE ROOFING & CONTRACTING LLC.

17.     On information and belief, Defendant began providing its commercial and residential roofing sales, construction, replacement and repair services, installation of windows, siding and gutters ("Defendant's Roofing Services") under the name LAKESIDE ROOFING & CONTRACTING LLC in upstate New York, specifically from Syracuse to Rochester, NY shortly thereafter.

18.     On information and belief, Defendant has been providing Defendant's Roofing Services in connection with its official corporate name LAKESIDE ROOFING &

4

CONTRACTING LLC as a service mark since the fall of 2014 throughout upstate New York, and specifically from Syracuse to Rochester.

19.     Defendant's use of its official corporate name LAKESIDE ROOFING & CONTRACTING LLC as a service mark to provide Defendant's Roofing Services throughout upstate New York is without Plaintiff's consent, permission or license.

20.     Defendant's willful use of the confusingly similar service mark LAKESIDE ROOFING & CONTRACTING LLC in upstate New York in connection with Defendant's Roofing Services is likely to cause confusion, or to cause mistake, or to deceive New York consumers into believing that Plaintiff is the source of such services.

21.     On information and belief, Defendant has been providing Defendant's Roofing Services in connection with the shortened version of its official corporate name, LAKESIDE ROOFING as a service mark.

22.     On information and belief, Defendant has been providing Defendant's Roofing Services in connection with the shortened version of its official corporate name, LAKESIDE ROOFING as a service mark since the fall of 2014 throughout upstate New York, and specifically from Syracuse to Rochester.

23.     Defendant's use of the LAKESIDE ROOFING service mark to provide Defendant's Roofing Services throughout upstate New York is without Plaintiff's consent, permission or license.

24.     Defendant's willful use of the confusingly similar service mark LAKESIDE ROOFING in upstate New York in connection with Defendant's Roofing Services is likely to cause confusion, or to cause mistake, or to deceive New York consumers into believing that Plaintiff is the source of such services.

25.    Indeed, Plaintiff has received numerous complaints about Defendant and/or Defendant's Roofing Services from consumers who thought Plaintiff was Defendant.

26.    In 2015, Plaintiff though counsel sent Defendant a letter notifying Defendant of the trademark confusion that was occurring and demanding that Defendant change its name.

27.    Defendant ignored the letter.

28.    Throughout 2016, Plaintiff continued to receive additional complaints about Defendant and/or Defendant's Roofing Services from consumers who thought Plaintiff was Defendant.

29.    In May 2017, Plaintiff through counsel again sent Defendant a letter notifying Defendant of the trademark confusion that was occurring and demanding that Defendant change its name.

30.    Defendant not only refused to change its name, or at the least seek to mitigate the extensive confusion that was occurring, but on information and belief Defendant intensified its advertising of Defendant's Roofing Services in connection with the service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in order to continue to trade on Plaintiff's forty years of goodwill in its LAKESIDE names.

31.    Plaintiff continues to receive complaints about Defendant and/or Defendant's Roofing Services from consumers who mistakenly think Plaintiff is Defendant.

32.    Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in New York in connection with Defendant's Roofing Services has caused substantial confusion, or caused mistake, or deceived New York consumers into believing that Plaintiff is the source of such services.

33.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in New York in connection with Defendant's Roofing Services is likely to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's mark or trade name.

34.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in connection with Defendant's Roofing Services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Roofing Services by Plaintiff.

35.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in connection with Defendant's Roofing Services actually has caused confusion, has caused mistake, or has deceived as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Roofing Services by Plaintiff.

36.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in New York in connection with Defendant's Roofing Services has injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's mark or trade name.

37.     Defendant's willful conduct has proximately caused Plaintiff harm and will continue to harm to Plaintiff's otherwise excellent business reputation and goodwill.

**COUNT 1**
**Trademark Infringement under the New York Trademark Act,**
**N.Y. Gen. Bus. § 360 (2017)**

38.     Plaintiff realleges and incorporates by reference herein the factual allegations contained in paragraphs 1 through 37 of the Complaint.

39.     Plaintiff is also the owner of New York state trademark registration No. S24061 for LAKESIDE in connection with Plaintiff's Services.

40.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS covering Plaintiff's Services, Defendant willfully provided, advertised, and marketed, and continues to willfully provide, advertise, and market, in upstate New York directly related commercial and residential roofing sales and services in connection with the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING to trade on Plaintiff's established goodwill.

41.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS covering Plaintiff's Services, Defendant willfully provided, advertised, and marketed, and continues to willfully provide, advertise, and market, in upstate New York directly related services in connection with the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING to confuse the consuming public into mistakenly believing that Defendant's Roofing Services were provided by Plaintiff.

42.     Defendant's use of the LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING service marks in connection with Defendant's Roofing Services is likely

to cause confusion, or to cause mistake, or to deceive New York consumers in willful violation of New York Trademark Act, N.Y. Gen. Bus. § 360-k (2017).

43.     Defendant's use of the LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING service marks in connection with Defendant's Roofing Services has caused confusion, or caused mistake, or deceived New York consumers in willful violation of New York Trademark Act, N.Y. Gen. Bus. § 360-k (2017).

44.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in New York in connection with Defendant's Roofing Services is likely to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's LAKESIDE marks or trade name.

45.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in New York in connection with Defendant's Roofing Services has injured Plaintiff's business reputation and diluted the distinctive quality of Plaintiff's LAKESIDE marks or trade name in willful violation of New York Trademark Act, N.Y. Gen. Bus. § 360-l (2017).

46.     As a direct and proximate result of Defendants' willful conduct, Plaintiff has suffered damage to its service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS and their attendant goodwill therein.

47.     Plaintiff does not have an adequate remedy at law for Defendant's unlawful conduct and Plaintiff's goodwill likely will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such business practices.

**COUNT 2**
**Federal Unfair Competition, False Designation of Origin, Passing Off and**
**False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)**

48.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 47 of the Complaint.

49.     Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in the service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS, Defendant willfully provided, advertised, and marketed in upstate New York directly related services in connection with the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING to trade on Plaintiff's established goodwill.

50.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in connection with Defendant's Roofing Services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Roofing Services by Plaintiff.

51.     Defendant's willful use of the confusingly similar service marks LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING in connection with Defendant's Roofing Services has caused confusion, has caused mistake, or has deceived as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's Roofing Services by Plaintiff.

52.     Defendant's use of the LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING service markS in connection with Defendant's Roofing Services is likely

to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's directly related services in willful violation of the Lanham Act, 15 U.S.C. § 1125(a).

53.     As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered damage to its valuable LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS service marks and their attendant goodwill therein.

54.     Plaintiff does not have an adequate remedy at law for Defendant's unlawful conduct and Plaintiff's goodwill likely will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such business practices.

### COUNT 3
### Unfair Competition under New York Common Law

55.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 54 of the Complaint.

56.     Defendant's activities as set forth herein also constitute trademark infringement and unfair competition under the laws of New York and at common law.

57.     Defendant's unauthorized use of the LAKESIDE ROOFING & CONTRACTING LLC and LAKESIDE ROOFING service marks in connection with Defendant's Roofing Services that is confusingly similar to Plaintiff's LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS service marks is likely to cause confusion and deception amongst the New York consuming public and in the trade on the grounds, among others, that given the confusingly similar service marks, the public is likely to identify Defendant's Roofing Services as those of Plaintiff, or is likely to conclude that Plaintiff has some connection or association with or sponsorship of Defendant's unauthorized and

11

infringing activities, which constitutes an unlawful business practice under the laws of the State of New York and at common law.

58.     As a direct and proximate result of Defendant's willful conduct, Plaintiff has suffered damage to its valuable LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS service marks and their attendant goodwill therein, including but not limited to monetary damages.

59.     Plaintiff does not have an adequate remedy at law for Defendant's unlawful conduct and Plaintiff's goodwill likely will continue to be damaged by Defendant's actions unless and until Defendant is enjoined and restrained by this Court.

RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

Monetary Damages

A.     On Count 1, awarding to Plaintiff treble the damages sustained by Plaintiff attributable to Defendant's willful and knowing infringement of Plaintiff's New York state registered trademark and reasonable attorney's fees and costs, pursuant to New York Trademark Act, N.Y. Gen. Bus. § 360-m (2017);

B.     On Count 2, awarding to Plaintiff actual damages sustained by Plaintiff attributable to Defendant's willful and knowing infringement of Plaintiff's New York state common law trademarks and any additional profits derived by Defendant, pursuant to 15 U.S.C. § 1117, and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1117;

B.     On Count 3, awarding to Plaintiff actual damages sustained by Plaintiff attributable to Defendant's willful and knowing infringement of Plaintiff's New York state common law

trademarks and any additional profits derived by Defendant and reasonable attorney's fees and costs, pursuant to New York law;

### Injunctive Relief

C.     An Order permanently enjoining and restraining Defendant, its officers, directors, agents, servants, employees, representatives, successors and assigns and all persons, firms or companies in active concert and participation with Defendant, and any and all other individuals, companies, enterprises, partnerships, firms, companies, employees, representatives affiliated with, acting in concert or participation with, successors of, heirs of or related to, including but not limited to affiliated companies, family members whether by blood, marriage or adoption, from:

(i)     Using, promoting, advertising, or displaying in any manner, directly or indirectly the service marks LAKESIDE ROOFING & CONTRACTING LLC or LAKESIDE ROOFING, or any mark or colorable designation in connection with Defendant's Roofing Services, or employing any confusingly similar service mark to Plaintiff's exclusively owned service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS, pursuant to New York Trademark Act, N.Y. Gen. Bus. § 360-m (2017);

(ii)     Using, promoting, advertising, or displaying in any manner, directly or indirectly the service marks LAKESIDE ROOFING & CONTRACTING LLC or LAKESIDE ROOFING, or any mark or colorable designation in connection with Defendant's Roofing Services, or employing any confusingly similar service mark to Plaintiff's exclusively owned service marks LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS, pursuant to 15 U.S.C. § 1117.

13

(iii)    Using, promoting, marketing, advertising, or displaying in any manner, directly or indirectly the service marks LAKESIDE ROOFING & CONTRACTING LLC or LAKESIDE ROOFING, or any mark or colorable designation likely to cause consumer confusion with Plaintiff's LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS service marks in connection with Defendant's Roofing Services pursuant to New York common law.

(iv)    Owning or operating a website on a global computer network in any manner, directly or indirectly, including framing or linking, and/or which promotes, features, includes or contains any mark, brand, name or designation, either identical to Plaintiff's LAKESIDE ROOFING & SIDING MATERIALS, INC., LAKESIDE ROOFING and LAKESIDE QUALITY BUILDING PRODUCTS service marks, or any mark, brand, name or designation confusingly similar to Plaintiff's exclusively owned trademarks, pursuant to 15 U.S.C. § 1116;

(iv)    Engaging in any activities constituting an unlawful trade practice or unfair competition under the laws of the State of New York;

D.    An order directing Defendant to remove and destroy all signage in New York bearing the LAKESIDE ROOFING name or LAKESIDE ROOFING & CONTRACTING LLC, pursuant to 15 U.S.C. § 1116;

E.    An order directing Defendant to deliver up for impoundment and ultimate destruction as the Court directs, pursuant to 15 U.S.C. § 1116, all advertisements bearing or containing the infringing LAKESIDE ROOFING & CONTRACTING LLC or LAKESIDE ROOFING marks and all means for making the same;

14

F.    Plaintiff also requests that this Court require that Defendant file a report with the Court under oath in accordance with 15 U.S.C. § 1116 setting forth the manner and form of its compliance with this Court's injunction and Orders; and

I.    Any other further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Lakeside Roofing & Siding Materials, Inc. hereby demands a trial by jury.

Dated: August 30, 2017                     Respectfully submitted,


/s/ Robert B. Calihan
Robert B. Calihan (Bar No. 1817658)
Calihan Law PLLC
The Powers Building
16 W Main Street – #736
Rochester, New York 14614
T: 585-413-0546
rcalihan@calihanlaw.com

Pro hac vice pending:

Kevin P. Kennedy, Esq.
Shulman Rogers Gandal Pordy & Ecker, P.C.
12505 Park Potomac Avenue
Sixth Floor
Potomac, Maryland 20854
T: 301-230-5219
F: 301-230-2891
kkennedy@shulmanrogers.com

*Attorney for Plaintiff Lakeside Roofing*
*and Siding Materials, Inc.*